IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE GARRISON, ) | No. C 10-1441 JSW (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| LIEUTENANT CHERYL FISHER, et al., ) | |
| Defendants. ) | |
| _____ ) | |

**INTRODUCTION**

Plaintiff, an inmate in the Marin County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendant Sergeant Bill Hernandez towed his van because Plaintiff would not consent to it being searched. He also alleges that Hernandez issued Plaintiff a parking ticket for being illegally parked in another resident's parking space and another ticket for having an illegible vehicle identification number. He alleges that Defendant Lieutenant Cheryl Fisher sought a warrant for Plaintiff to appear in connection with a rape case about which plaintiff had information. Plaintiff alleges that this amounts to harassment.

Plaintiff has asserted no violation of any federal constitutional right or other federal law, as he is required to do in order to state a claim under Section 1983. *See id.* Nor do his allegations, when liberally construed, amount to any constitutional violation of which the Court is aware. "Harassment" is not a constitutional violation. Moreover,

1   the conduct Plaintiff cites as "harassment" was in proper law enforcement activity under
2   the circumstances alleged.  The seizure of his car, the parking tickets, and the warrant
3   were warranted by Plaintiff failing to consent to a search, his violation of parking and
4   motor vehicle laws, and his information about a rape case.  Although Plaintiff may feel
5   harassed by the law enforcement actions of Hernandez and Fisher, these alleged actions
6   do not amount to a violation of Plaintiff's constitutional rights or other federal law.
7   Consequently, Plaintiff has failed to state a cognizable claim for relief under Section
8   1983 against Defendants Hernandez and Fisher.

9        Hernandez and Fisher work at the Marin County Sheriff's Department, and
10  Plaintiff also names the Sheriff and the Sheriff's Department as Defendants.  The claims
11  against these Defendants are also not cognizable because they are entirely derivative of
12  the claims against Hernandez and Fisher.

## CONCLUSION

14       For the foregoing reasons, this action is DISMISSED..
15       The Clerk shall close the file and enter judgment in favor of Defendants.
16       IT IS SO ORDERED.
17  DATED:  November 15, 2010

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. GARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL FISHER et al,<br><br>    Defendant.<br>_____/ | Case Number: CV10-01441 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony T. Garrison
Marin County Jail
13 Peter Behr Drive
J27921
San Rafael, CA 94903

Dated: November 15, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk